IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MOBLEY,<br><br>    Petitioner,<br><br>  v.<br><br>RAUL LOPEZ, Warden,<br><br>    Respondent.<br>                                          / | No. C 11-0639 WHA (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; TO SHOW CAUSE**<br><br>(Docket No. 2) |

**INTRODUCTION**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

**STATEMENT**

In 2009 petitioner was convicted in San Francisco County Superior Court of robbery, and he was found to have suffered prior "strike" convictions. The trial court sentenced him to a term of 25-years-to-life in state prison under California's "Three Strikes" Law. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review.

**ANALYSIS**

**A.**    **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) his right to due process was violated because identification procedures prior to trial were unduly suggestive; and (2) the jury instruction given pursuant CALJIC No. 2.90 violates due process.

CALJIC 2.90 was upheld in *Lisenbee v. Henry*, 166 F.3d 997, 999-1000 (9th Cir. 1999) (use of term "abiding conviction" in defining reasonable doubt is constitutionally sound); *see also Victor v. Nebraska*, 511 U.S. 1, 6 (1994) (addressing earlier version of CALJIC No. 2.90). Consequently, petitioner's second claim does not state a valid grounds for habeas relief.

Petitioner's first claim, when liberally construed, is cognizable.

## CONCLUSION

1. Petitioner's second claim, regarding CALJIC No. 2.90, is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on

2

petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. The application for leave to proceed in forma pauperis (docket number 2) is **GRANTED** in light of petitioner's lack of funds.

**IT IS SO ORDERED.**

Dated: March   22  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\MOBLEY0639.OSC.wpd

3