IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MOBLEY,<br><br>    Petitioner,<br><br>  v.<br><br>RAUL LOPEZ, Warden,<br><br>    Respondent. | No. C 11-0639 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's claim that the identification procedures were unduly suggestive, in violation of his right to due process. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

Petitioner was charged in San Francisco County Superior Court of four counts of second-degree robbery, and 14 prior convictions for robbery or attempted robbery. *See* Cal. Pen. Code §§ 211, 667(d)-(e), 1170.12(b)-(c). The four charged robberies took place between February and March 2006. The jury acquitted petitioner of three of the charges but convicted him of the fourth. The fourth robbery took place at a grocery store in San Francisco. At

1   approximate 8:30 p.m., a man walked into the store and paid Jamal Khalil, who was working
2   the register, for a bottle of water and a roll of Certs breath mints. Jamal's father, Zuhdi Khalil,
3   owned the store and was in the store nearby. The man brandished what appeared to be a gun
4   and demanded money. He reached over the counter, took money out of the register and left the
5   store. Jamal and a passerby saw the man get into a "boxy blue car" and drive away.

6   Zuhdi immediately called the police, described the robber as a tall Black man, and the
7   police arrived within minutes. Shortly thereafter, a San Francisco Police Officer pulled over
8   petitioner about one and a half miles from the robbery because petitioner and his car matched
9   the description provided by the Khalils. When petitioner got out of the car, loose change and
10  currency fell from his lap. Another officer found a bottle of water, Certs breath mints and a
11  plastic replica of a handgun in petitioner's car, along with a black puffy jacket and a black knit
12  cap.

13  The police then conducted a "cold-show" identification in which Jamal and Zuhdi were
14  brought to the arrest site to view petitioner, who was in handcuffs. The officers admonished
15  both of them that the arrested man might not be the robber, and they were given admonition
16  forms to this effect, which they signed indicating that they understood. Jamal identified
17  petitioner about 30 minutes after the robbery, and Zuhdi identified him about 45 minutes after
18  the robbery. At first, Jamal did not recognize the man from 30 feet away, but he identified the
19  car, the jacket, the hat, the bottle of water, Certs, and toy gun as belonging to the robbery. Then
20  when he stood closer to petitioner, Jamal identified him as the robber. Zuhdi then viewed
21  petitioner from approximately 15 feet away and after approximately 10 seconds, identified
22  petitioner as the robber based upon his face, height and clothing. They also identified him as
23  the robber at the preliminary hearing and at trial. At trial, Zuhdi testified that the was not
24  wearing glasses or contact lenses when he identified petitioner at the arrest scene, and that he
25  was not sure what clothing the robber was wearing, but he was nonetheless 100 percent certain
26  that petitioner was the robber.

27  The jury convicted petitioner of the robbery and found true in a separate proceeding that
28  he had suffered 14 prior felony convictions. The trial court sentenced petitioner to a term of 25

years to life in state prison under California's "Three Strikes" laws.  The California Court of Appeal affirmed the conviction and the California Supreme Court denied a petition for review.

## ANALYSIS

### I. STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).  In this case, the last reasoned opinion to address petitioner's claim is that of the California Court of Appeal.

### II. PETITIONER'S CLAIM

As grounds for federal habeas relief, petitioner claims that his right to due process was violated because the "cold-show" identification procedures were unduly suggestive and unreliable.

Admission of identification evidence derived from a "cold-show" identification

procedure is constitutional as long as the procedure was not unduly suggestive and the identification was reliable. *Neil v. Biggers*, 409 U.S. 188, 198 (1972). Unnecessarily suggestive pretrial identification procedures alone do not require exclusion of in-court identification testimony, as reliability is the linchpin in determining the admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 100-14 (1977). Identification testimony is inadmissible as a violation of due process only if (1) a pretrial encounter is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification, and (2) the identification is not sufficiently reliable to outweigh the corrupting effects of the suggestive procedure. *Van Pilon v. Reed*, 799 F.2d 1332, 1338 (9th Cir. 1986). A reviewing court may assume suggestiveness and review reliability first. *See id.* at 1339.

The California Court of Appeal rejected petitioner's claim after finding that the procedure was not unduly suggestive and that the identifications by Jamal and Khalil were reliable. The Court of Appeal's decision was not "contrary to . . . clearly established federal law" within the meaning of 28 U.S.C. 2254(d)(1) because the court applied the correct due process standard from *Neil*. *Williams*, 529 U.S. at 405-06 (state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in our cases"). The Court of Appeal's decision was also a "reasonable application" of that standard. *See* 28 U.S.C. 2254(d)(1).

First, the identification procedures did not cause a substantial likelihood of irreparable misidentification. To be sure, the "cold show" procedure by its nature leaves the suspect as the only person for the witnesses to view, but this does not make any identification using such a procedure unconstitutional. To the contrary, an identification using this procedure was upheld by the Supreme Court in *Neil*. *See* 409 U.S. at 198-200. Moreover, nothing about the way the procedure was carried out in this case caused it to be unduly suggestive. The officers told both witnesses beforehand that petitioner may not have been the robber and that they wanted the witnesses to tell them if they had the right person. The witnesses also both signed written forms to that effect. In addition, there is no evidence that the officers made any comments or gestures

4

suggesting that petitioner was the robber, nor did they ask the witnesses any leading questions. When the officers took Jamal to petitioner's car to view petitioner's clothing and car, they did so because Jamal asked to look at these items so that he decide whether or not petitioner was the robber. As the Court of Appeal reasonably determined, the officers were not suggesting that petitioner was the robber, they were simply providing more information in response to a request by Jamal. Given these circumstances, the California Court of Appeal could reasonably conclude that the identification procedures were not impermissibly suggestive.

The Court of Appeal could also reasonably conclude that the identifications were reliable. In determining whether in-court identification testimony is sufficiently reliable, courts consider five factors: (1) the witness' opportunity to view the defendant at the time of the incident; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description; (4) the level of certainty demonstrated by the witness at the time of the identification procedure; and (5) the length of time between the incident and the identification. *Id.* at 199-200; *Manson*, 432 U.S. at 114. The witnesses had a clear view of the robber's face and clothes from up close in a lighted store, and Jamal also saw him get into his car. Both witnesses testified that they were very attentive, and despite their concern about the gun, they both testified that they saw his face clearly. The witnesses accurately described his height, clothes, race, car and the items he had purchased from the store before they identified him. Jamal was certain of the identification when he was close to petitioner; his initial uncertainty came when he had been 30 feet away. Although Zuhdi did not remember what the robber was wearing, and he was not wearing his glasses when he identified petitioner, he stated that he was 100% certain of the identification. Lastly, the witnesses identified petitioner a short time – less than an hour -- after the robbery. As all of the factors weigh in favor of a finding of reliability, the California Court of Appeal could reasonably find that the identifications were reliable.

The state court's finding that the identification procedures were not unduly suggestive, that the identifications were reliable, and that admission of evidence based upon such identifications did not violate due process, was neither contrary to nor an unreasonable application of the controlling federal law. Consequently, petitioner is not entitled to habeas

5

relief.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: November  22 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\MOBLEY0639.RUL.wpd